UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| U.S. BANK N. A., as Trustee, on behalf of the Holders of J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4, <br>      *Plaintiff* <br><br> v. <br><br> BRENDA A. MORRIS and SCOTT A. MORRIS, <br>      *Defendants* | § § § § § § § § § § § § | Case No. 1:19-CV-352-LY |

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
    UNITED STATES DISTRICT JUDGE

Before this Court is a Motion to Dismiss filed by Defendants Brenda A. Morris and Scott A. Morris (Dkt. No. 13) and Plaintiff U.S. Bank's Response (Dkt. No. 14). Defendants did not file a reply. The District Court referred the above motions to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.   BACKGROUND

On March 26, 2016, U.S. Bank N.A., as trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4 ("U.S. Bank") filed this action against Defendants Brenda A. Morris and Scott A. Morris ("Defendants") seeking judicial and non-judicial foreclosure of the real property located at 11801 Bell Avenue, Austin, Texas 78759 (the "Property"). (Am. Complaint, Dkt. No. 11). Defendant

Scott Morris purchased the Property by warranty deed with vendor's lien in 2002. (*Id.* ¶ 9). In 2006, Defendants executed a Home Equity Note and Security Instrument (together, "the Loan Agreement"). (*Id.* ¶¶ 10-11). U.S. Bank alleges it is the successor in interest to WMC Mortgage Corporation, the original holder of the Note and the Security Instrument. (*Id.* ¶¶ 11-13). U.S. Bank alleges that Defendants have defaulted on the Loan Agreement by conveying the property to a third party without the lender's prior written consent (*id.* ¶¶ 14, 16), failing to make payments under the Note (*id.* ¶¶ 15, 17), and violating other covenants and conditions of the Security Instrument (*id.* ¶ 17). U.S. Bank alleges that Defendants have failed to make any payments since August 1, 2007. (*Id.*).

The parties have litigated their dispute in a series of cases before this Court and the Travis County District Court. U.S. Bank filed its first Application for Home Equity Foreclosure Order in the 345th District Court of Travis County, Texas, under Cause No. D-1-GN-07-003494. (*Id.* ¶ 20). U.S. Bank "nonsuited" the case by dismissing its claims on February 15, 2008. (*Id.*). After a second notice of acceleration on March 18, 2008, U.S. Bank filed a second Application for Home Equity Foreclosure Order in the 201st District Court of Travis County, Texas, under Cause No. D-1-GN-08-001076. (*Id.* ¶ 21). U.S. Bank requested a nonsuit in that case on May 20, 2009. (*Id.* ¶ 22). U.S. Bank subsequently filed a third and fourth Application for Home Equity Foreclosure Order in Travis County Court. (*Id.* ¶¶ 23-28).[1] The 353rd District Court entered a Home Equity Foreclosure Order granting non-judicial foreclosure on July 10, 2015. (*Id.* ¶ 29). Defendants then challenged the foreclosure in an affirmative suit against U.S. Bank. (*Id.* ¶ 30). U.S. Bank removed that case to this Court, which dismissed the case without prejudice on January 22, 2016. (*Id.* ¶ 30 (citing

---

[1] *U.S. Bank v. Morris et al.*, No. D-1-GN-15-000056 (53rd Dist. Ct., Travis County, Tex. Jan. 7, 2015); *In re Order for Foreclosure*, No. D-1-GN-10-003131 (53rd Dist. Ct., Travis County, Tex. Sept. 3, 2010).

*Morris et al v. Select Portfolio Servicing Inc. et al.*, No. 1:15-cv-2028-RP (W.D. Tex. Nov. 11, 2015) (dismissing case after plaintiffs' counsel failed to cure lack of admission to the Western District of Texas))). Defendants filed a second affirmative case in Travis County court on December 5, 2016. (*Id.* ¶ 32). After removal, this Court granted summary judgment in favor of U.S. Bank on January 26, 2018. (*Id.* ¶¶ 32-33 (citing *Morris et al v. Select Portfolio Servicing Inc. et al.*, No. 1:16-cv-1315-RP (W.D. Tex. Dec. 16, 2016) (Order Granting Summ. J., Dkt. 40))). U.S. Bank mailed its fifth notice of default to Defendants on March 29, 2018, notice of acceleration on April 30, 2018, and its fifth Application for Home Equity Foreclosure Order under Cause No. D-1-GN-18-006996 in the 53rd District Court of Travis County on November 21, 2018. (*Id.* ¶¶ 35-36). U.S. Bank nonsuited that case. (*Id.* ¶ 36).[2]

U.S. Bank filed this action on March 26, 2019. (*Id.* ¶ 37; *see also* Complaint, Dkt. 1). It alleges that Defendants "have failed to cure the default since demand." (*Id.* ¶ 38). U.S. Bank seeks an order for non-judicial foreclosure by public auction pursuant to the terms of the Loan Agreement and the Texas Property Code § 51.002. (*Id.* ¶ 40). Alternatively, U.S. Bank seeks a judgment for judicial foreclosure and an order of sale pursuant to Rule 309 of the Texas Rules of Civil Procedure. (*Id.* ¶ 43-44). On May 24, 2019, Defendants filed the instant Motion to Dismiss under Rule 12(b)(1). (Dkt. No. 13). The Court now turns to the motion.

## II. LEGAL STANDARD

While Defendants cite only Rule 12(b)(1) in their motion to dismiss, two of their arguments raise grounds for dismissal under Rule 12(b)(6). (*See* Dkt. No. 13, at 1; 9-11). The Court includes both legal standards here and explains this reasoning further in Part III.

---

[2] Although the date that U.S. Bank nonsuited this case is missing from Plaintiff's First Amended Complaint, *see id.* ¶ 36, , U.S. Bank states in its Response that the action was dismissed on May 8, 2019. (Response, Dkt. No. 14, at 4-5).

3

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject matter jurisdiction as a defense to suit. FED. R. CIV. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*

### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct

4

alleged." *Ashcroft*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

### III. THE MOTION TO DISMISS

Defendants filed their Motion to Dismiss under Rule 12(b)(1), arguing that U.S. Bank's Amended Complaint should be dismissed for lack of subject matter jurisdiction on four grounds: (1) U.S. Bank has previously filed at least one identical action Texas state court; (2) only Texas courts have jurisdiction over foreclosure actions that arise from a home equity loan; (3) U.S. Bank has not shown that it is the successor in interest with a right to enforce the Loan Agreement; and (4) the statute of limitations expired before U.S. Bank filed this action. (Dkt. No. 13).[3]

---

[3] Neither party disputes that this Court has subject matter jurisdiction based on the complete diversity of the parties and an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). Both Defendants are citizens of Texas, U.S. Bank is a citizen of Ohio, and the amount of controversy is at least $556,251.94. (Am. Complaint, Dkt. No. 11 ¶¶ 4-7).

5

Because the first two grounds for dismissal concern this Court's jurisdiction in relation to the Travis County District Court, the Court construes the first two arguments under Rule 12(b)(1). Because the third ground considers whether U.S. Bank meets the statutory requirements to enforce the loan agreement, the Court construes that argument under Rule 12(b)(6). Finally, because "a statute of limitations may support dismissal under Rule 12(b)(6)," *Jones*, 339 F.3d at 366, the Court construes the statute of limitations argument as a ground for dismissal under Rule 12(b)(6) as well.

**A. Preemption by the Prior Case in Travis County District Court**

First, Defendants argue that U.S. Bank improperly filed this action in federal court while an identical case was still pending in Travis County District Court seeking "the exact same relief on the exact same issues." (Mot. Dismiss, Dkt. No. 13, at 2). Defendants argue only that the most recent case precludes this federal court action. (*Id.* at 2-4). They allege that U.S. Bank failed to appear for trial in the Travis County case and then filed this action in federal court. (*Id.*). Defendants also allege that although U.S. Bank has filed seven actions in the last 12 years seeking to enforce the foreclosure, six have been dismissed due to U.S. Bank's want of prosecution. (*Id.* ¶ 6).[4] U.S. Bank does not dispute that the parties have been involved in seven prior cases before the Travis Court District Court, but counters that they were "dismissed by the state court or at Plaintiff's request." (Response, Dkt. No. 14, at 4-5). Defendants admit that U.S. Bank has dismissed the most recent case. (Mot. Dismiss, Dkt. No. 13, at 2-3).

Even assuming that the most recent Travis County case was still pending when U.S. Bank filed this action on March 26, 2019, any risk of preemption by a pending state action is now moot

---

[4] Defendants offer no support for their claim that six of the cases have been dismissed due to U.S. Bank's want of prosecution, or that U.S. Bank failed to appear for trial. In any event, those facts are not dispositive here.

because the most recent Travis County case is closed. Preemption through a state court's prior exclusive jurisdiction over a res "is simply inapposite absent multiple concurrent proceedings." *Standiford v. Citimortgage, Inc.*, No. 1:12-CV-1175-SS, 2013 WL 12116147, at *2 (W.D. Tex. Feb. 26, 2013). To the extent that Defendants argue that a foreclosure action in Texas state court precludes federal jurisdiction over the same claim, the Texas Rules of Civil Procedure directly contradict that argument. An order granting or denying a foreclosure order "is without prejudice and has no res judicata, collateral estoppel, estoppel by judgment, or other effect in any other judicial proceeding." TEX. R. CIV. P. 736.9. The Texas Rules also contemplate collateral challenges to Rule 736 orders: "Any challenge to a Rule 736 order must be made in a suit filed in a separate, independent, original proceeding in a court of competent jurisdiction." TEX. R. CIV. P. 736.8(c). Federal courts have recognized the same. *See, e.g.*, *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 387 (5th Cir. 2017) (holding that "Texas state law explicitly provides that the Foreclosure Order has no preclusive or res judicata effect" and that "Texas law specifically allows for collateral attacks on Rule 736 foreclosure orders in 'a court of competent jurisdiction'") (citing TEX. R. CIV. P. 736.9; 736.8(c)); *Reyna v. Deutsche Bank Nat. Tr. Co.*, 892 F. Supp. 2d 829, 832 (W.D. Tex. 2012) ("Rule 736 specifically provides a Home Equity Foreclosure Order like the one in this case is not to be given preclusive effect under doctrines of res judicata and collateral estoppel."). Accordingly, any determination by the Travis County District Court regarding U.S. Bank's prior foreclosure suits has no preclusive or res judicata effect on this Court's jurisdiction to consider similar or identical claims.

B. **Jurisdiction in Foreclosure Actions Regarding Home Equity Loans**

Defendants next contend that only Texas courts have jurisdiction over foreclosure actions that arise from a home equity loan or "cash out refinance." (Mot. Dismiss, Dkt. No. 13 ¶ 8). Other than citation to Rules 735 and 736 of the Texas Rules of Civil Procedure, Defendants offer no legal

7

support for this argument. (*See id.*). Nothing in the text of Rule 735 of 736 compels this conclusion. As noted in the previous section, "Rule 736 specifically provides a Home Equity Foreclosure Order like the one in this case is not to be given preclusive effect under doctrines of res judicata and collateral estoppel." *Reyna*, 892 F. Supp. 2d at 832 (denying motion to remand and finding that, "[b]ased on the explicit language of Rule 736 . . . the Home Equity Foreclosure Order does not constitute a final state court judgment as contemplated under the *Rooker-Feldman* doctrine" (citing *Illinois Cent. R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012))). The Court finds no merit to this ground for dismissal.

### C. U.S. Bank's Status as Successor in Interest

Third, Defendants argue that U.S. Bank has not shown that it is the successor in interest with the right to enforce the Loan Agreement because U.S. Bank "has never been able to prove that it is in possession of the original Deed of Trust" or that U.S. Bank has a valid assignment. (Mot. Dismiss, Dkt. No. 13 ¶ 10).

But U.S. Bank is not required to prove that it is in possession of the original deed of trust. The Fifth Circuit has unequivocally rejected the "show-me-the-note" theory. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254-56 (5th Cir. 2013) (holding that neither the "show-me-the-note" theory nor the "split-the-note" theory applies under Texas law); *Robinson v. Deutsche Bank Nat'l Tr. Co. as Tr. for Registered Holders of Long Beach Mortg. Loan Tr. 2005-WL1, Asset-Backed Certificates, Series 2005-WL1*, No. 3:18-CV-2425-D, 2019 WL 4139399, at *4 n.4 (N.D. Tex. Aug. 30, 2019) ("[E]ven if there is a genuine dispute as to whether [the mortgagee or mortgage servicer] examined the original, wet-ink loan documents, the dispute is immaterial because it does not affect [the] authority to foreclose."). Defendants offer no contrary authority.

Chapter 51 of the Texas Property Code, which governs non-judicial foreclosures, authorizes either a mortgagee or a mortgage servicer acting on behalf of a mortgagee to sell real property

under a "power of sale conferred by a deed of trust." *See* TEX. PROP. CODE. §§ 51.002, 51.0025. The Property Code defines a "mortgagee" as "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." TEX. PROP. CODE § 51.0001(4). Under Texas law, a valid assignment "vests [a mortgagee] with authority to foreclose." *Reinagel v. Deutsche Bank Nat. Tr. Co.*, 735 F.3d 220, 228 (5th Cir. 2013).

U.S. Bank alleges in its Complaint that it holds a valid assignment of the Defendants' Loan Agreement. Specifically, U.S. Bank alleges that WMC Mortgage Corp., the original holder of the Note and the Security Instrument, assigned both to U.S. Bank on September 11, 2007, and that the assignment was subsequently recorded. (Am. Complaint, Dkt. No. 11, ¶ 12-13; *see also* Response, Dkt. No. 14, at 8). To the extent that Defendants otherwise dispute the validity of the assignment, they raise a question of fact that the Court cannot address at the motion to dismiss stage. At this stage, the Court "accepts all well-pleaded facts as true viewing them in the light most favorable to the [nonmovant]," which is U.S. Bank. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. U.S. Bank has pleaded facts clearly alleging that it is the successor in interest to the original mortgagee, which vests it with the authority to foreclose.

### D. Statute of Limitations

Finally, Defendants argue that the six-year statute of limitations expired before U.S. Bank first filed this action. (Mot. Dismiss, Dkt. No. 13 ¶ 11 (citing TEX. BUS. & COM. CODE § 3.118(a))). Defendants, however, mistakenly cite the statute of limitations to enforce a note. *See id.* Under Texas law, the correct limitations period to enforce a real property lien is four years. *Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015) (citing TEX. CIV. PRAC. & REM. CODE § 16.035). In Texas, "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action

accrues." *Id.* "If a series of notes or obligations or a note or obligation payable in installments is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment." TEX. CIV. PRAC. & REM. CODE § 16.035(e). However, if the deed of trust contains an optional acceleration clause, the limitations period does not begin until the holder actually exercises its option to accelerate. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). "Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration. Both notices must be clear and unequivocal." *Id.* (cleaned up).

A noteholder may abandon acceleration "either by the lender's unilateral actions or by agreement, thereby suspending the limitations period until the lender exercises its option to re-accelerate the note." *Jatera Corp. v. US Bank Nat'l Ass'n as Tr. for Registered Holders of Citigroup Mortg. Loan Tr.*, 917 F.3d 831, 835 (5th Cir. 2019) (citing *Boren*, 807 F.3d at 106; *Holy Cross*, 44 S.W.3d at 566-67)). One way a lender may abandon acceleration is by "voluntarily dismissing its claims against the debtor" in a civil proceeding, colloquially known as "non-suiting" a claim. *Costello v. U.S. Bank Tr., N.A. for LSF9 Master Participation Tr.*, 689 F. App'x 253, 255 (5th Cir. 2017) (citing *Denbina v. City of Hurst*, 516 S.W.2d 460, 463 (Tex. Civ. App.—Tyler 1974, no writ)). If a lender abandons acceleration, the statute of limitations period under § 16.035(a) ceases to run and a new limitations period does not begin to accrue until the mortgagor defaults again and the lender exercises its right to accelerate a second time. *See Boren*, 807 F.3d at 106. Additionally, under Texas law, where "a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex. 1991). Any proceeding seeking a foreclosure

order under Rule 736 is "automatically stayed if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement." TEX. R. CIV. P. 736.11(a). Because a separate proceeding stays a lender's ability to pursue foreclosure under Rule 736, it tolls the statute of limitations for exercising the right of foreclosure. *See Curry v. Ocwen Loan Servicing LLC*, Civ. A. No. H–15–3089, 2016 WL 3920375, at *6 (S.D. Tex. July 14, 2016) (explaining that "because a Rule 736 proceeding cannot be brought as a counterclaim in a borrower's suit against the lender . . . Defendants were prevented from obtaining the constitutionally required court order they need to exercise their contractually granted power of sale; and therefore the statute of limitations for exercising such was thus tolled during the pendency of the borrower's action") (cleaned up); *see also Murphy v. HSBC Bank USA*, No. CV H-12-3278, 2017 WL 393595, at *20 (S.D. Tex. Jan. 30, 2017) ("During [plaintiffs' suit to stop foreclosure], limitations was tolled on HSBC's foreclosure cause of action even if the 2008 Acceleration had not been abandoned.").

U.S. Bank argues that it has repeatedly abandoned acceleration by voluntarily dismissing several Travis County foreclosure actions, and that Defendants' two affirmative suits also tolled the limitations period. (Response, Dkt. No. 14, at 10). Specifically, U.S. Bank argues that during "the history of acceleration and abandonment of each acceleration . . . [a]t no point did more than four years pass from the acceleration date to its ultimate rescission." (*Id.* (citing Am. Complaint, Dkt. 11 ¶¶ 18-37)). U.S. Bank alleges that it first accelerated the loan on September 24, 2007, and nonsuited the resulting case on February 15, 2008 (Am. Complaint, Dkt. 11 ¶¶ 19-20); it accelerated the loan a second time on March 18, 2008, and nonsuited the second case on May 20, 2009 by voluntary dismissal (*id.* ¶¶ 21-22); and it accelerated the loan a third time on March 6, 2010, and dismissed the resulting case on March 4, 2011 (*id.* ¶¶ 24-26). U.S. Bank accelerated the

loan a fourth time on January 7, 2015, and secured a foreclosure order from the Travis County District Court on July 15, 2015. (*Id.* ¶¶ 24-26). Before U.S. Bank abandoned this fourth acceleration, Defendants filed two affirmative suits. U.S. Bank alleges that the first suit tolled the statute of limitations for 72 days, from the date of filing on October 30, 2015 to the date of dismissal on January 22, 2016. (*Id.* ¶¶ 30-31). U.S. Bank alleges the second suit tolled the limitations period for 417 days, from its filing on December 5, 2016 to dismissal on January 26, 2018. (*Id.* ¶¶ 32-34). U.S. Bank finally abandoned the fourth acceleration on April 30, 2018, by mailing a fifth notice that "abandoned any prior acceleration." (*Id.* ¶ 35). U.S. Bank abandoned the fifth acceleration by dismissing the resulting case after November 21, 2018. (*Id.* ¶ 36). U.S. Bank alleges that it accelerated the Loan Agreement for the sixth and final time on March 26, 2019, by filing this suit. (*Id.* ¶ 37).

Based on these allegations, at no time have four years elapsed between the date of acceleration and the date of abandonment. Defendants have not offered any other grounds for the Court to find that U.S. Bank's claims are time-barred as a matter of law. The Court therefore finds that U.S. Bank has plausibly alleged that the four-year statute of limitations had not expired when U.S. Bank filed this action on March 26, 2019.

### E. Conclusion

The Court concludes that none of Defendants' arguments meet the burden for dismissal under either Rule 12(b)(1) or Rule 12(b)(6). The undersigned therefore recommends that the District Court deny Defendants' motion to dismiss.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Brenda A. Morris and Scott A. Morris's Motion to Dismiss (Dkt. No. 13).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 30, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE