UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| U.S. BANK N. A., as Trustee, on behalf of the Holders of J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4,<br>    *Plaintiff*<br><br>v.<br><br>BRENDA A. MORRIS and<br>SCOTT A. MORRIS,<br>    *Defendants* | Case No. 1:19-CV-352-LY-SH |

**O R D E R**

Before this Court is a Motion for Extension of Time to Respond to the Motion for Summary Judgment filed by Defendants Brenda A. Morris and Scott A. Morris on February 21, 2020. Dkt. No. 26. On July 18, 2019, the District Court referred to the undersigned all pending and future nondispositive motions for resolution, and all pending and future dispositive motions for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. No. 16.

## I.   BACKGROUND

This is the eighth lawsuit over the past twelve years between U.S. Bank N.A., as trustee on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4 ("U.S. Bank"), and Defendants Brenda A. Morris and Scott A. Morris ("Defendants") concerning foreclosure of Defendants' home at 11801 Bell Avenue, Austin, Texas 78759 (the "Property"). *See* Dkt. No. 11 ¶¶ 20-36; Dkt. No. 17 at 2-3. U.S. Bank filed this action seeking foreclosure on March 26, 2019. Dkt. No. 11. Defendants filed a motion to dismiss on the grounds that this Court's jurisdiction was preempted, U.S. Bank was not

the successor in interest, and the statute of limitations had expired. Dkt. No. 13. The undersigned issued a report and recommendation to deny the motion to dismiss, which the District Court adopted. Dkt. Nos. 17, 18. On February 4, 2020, U.S. Bank filed a Motion for Summary Judgment. Dkt. No. 25. In response, Defendants filed the instant motion.[1] Dkt. No. 26.

## II. LEGAL STANDARD

Under Rule 56(d), if a nonmovant for summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). To obtain a continuance of a motion for summary judgment in order to obtain further discovery, a party must indicate why it needs additional discovery and how the additional discovery will create a genuine issue of material fact. *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999). The Fifth Circuit Court of Appeals has held that a court may deny a request for a continuance where a party "failed to explain what discovery she did have, why it was inadequate, and what she expected to learn from further discovery." *Id.* (quoting *Reese v. Anderson*, 926 F.2d 494, 499 n.5 (5th Cir. 1991). In fact, "a summary judgment motion can be decided without any discovery." *Id.* (citing *United States v. Bloom*, 112 F.3d 200, 205 n.17 (5th Cir. 1997)).

## III. DISCUSSION

Defendants request an extension from February 21, 2020, until April 21, 2020, to obtain discovery responses before responding to the Motion for Summary Judgment.[2] Dkt. No. 26.

---

[1] Although titled "Motion for Dismissal or Extension of Time to Respond to Plaintiffs' Motion for Summary Judgment," the Court construes Defendants' filing as solely a motion for extension of time because it contains no arguments regarding dismissal. "[T]he nature of a motion must be determined according to its actual substance rather than title given it." *United States v. Fisher*, 372 F. App'x 526, 528 (5th Cir. 2010).

[2] Because Defendants are proceeding pro se, they receive a three-day extension to respond to service by mail under the Federal Rules, for a total of 17 days. *See* Local Rule CV-7(e); FED. R. CIV. P. 6(d).

2

Defendants point out that the stipulated discovery deadline does not expire until December 16, 2020. In their supporting affidavit, Defendants declare that certain facts are unavailable to them and that they were mailing discovery requests to U.S. Bank "immediately after filing the forgoing motion." Dkt. No. 26-1 at 1. Specifically, with respect to Defendants' "negligence, gross negligence, negligent misrepresentation claims and breach of contract claims," Defendants "seek information that will prove [U.S. Bank] improperly handled [their] account, lost paperwork, intentionally mislead [them], and intentional made false statements to [them] which [Defendants] relied on to [their] detriment." *Id.* at 1-2. Defendants state that U.S. Bank maintains "records of all commutations, calls, notes relating to my account, documents sent to me and documents received from me," and that only the Bank has these records. *Id.* at 2. Regarding the duties of care and good faith, Defendants state that they "have evidence to show that a duty was created" and that "[r]esponses to [the] discovery requests will prove such alleged facts." *Id.* As to a Texas Deceptive Trade Practices claim, Defendants "seek proof that [they] acquired goods or a service when [U.S. Bank] initiated forbearance agreement and a modification process on [the] loan." *Id.* Defendants also "seek evidence that proves [their] mental anguish." *Id.* Finally, regarding their fraud in a real estate transaction claim, Defendants "believe discovery will prove that U.S. Bank never intended to truly give [them] a modification and that [the Bank] gave [them] forbearance agreements to get as much money out of [them] as they could with the intent to take the house." *Id.* at 3.

Although Defendants assert that they need this discovery to prove various claims, they do not explain how any of these claims would serve as an affirmative defense or "how the additional discovery will create a genuine issue of material fact." *See Bauer*, 169 F.3d at 968. Even construing Defendants' arguments generously, Defendants do not identify the additional discovery they seek other than by referring to "records of all commutations, calls, notes relating to my account,

documents sent to [Defendants] and documents received from [Defendants]," which they say are in the Bank's possession. Dkt. 26-1 at 2. The Fifth Circuit has made clear that "conclusory allegations that [a] claim would be bolstered by additional discovery" is not sufficient for an extension under Rule 56(d). *Bauer*, 169 F.3d at 968; *see also SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980) ("The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, particularly where . . . ample time and opportunities for discovery have already lapsed.") (citations omitted).

This case has been pending for a full year. Defendants have not identified the specific discovery they need or why they have been unable to acquire it. Accordingly, the Court finds that Defendants have not shown that they are entitled to a continuance under Rule 56.

## IV.  CONCLUSION

**IT IS ORDERED** that Defendant's Motion for Extension of Time to Response (Dkt. No. 26) is **DENIED**. **IT IS FUTHER ORDERED** that Defendants shall file a response to the Motion for Summary Judgment (Dkt. No. 25) on or before **March 31, 2020**.

**IT IS FINALLY ORDERED** that the Court mail a copy of this Order to Defendants by certified mail at their provided address: Scott A. Morris and Brenda M. Morris, 11801 Bell Ave., Austin, Texas, 78759.

**SIGNED** on March 10, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE