# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| U.S. BANK N.A., as Trustee, on behalf of the Holders of J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4, *Plaintiff* | § § § § § § § § § § § § | Case No. 1:19-CV-00352-SH |
| v. | | |
| BRENDA M. MORRIS and SCOTT A. MORRIS, *Defendants* | | |

## ORDER

Before the Court is Plaintiff's Motion for Final Summary Judgment, filed by U.S. Bank N.A. on February 4, 2020. Dkt. 25. Defendants Brenda M. Morris and Scott A. Morris filed a response, which also requests an order directing U.S. Bank to file an amended complaint to add necessary parties. Dkt. 33. The Court issued a Report and Recommendation on the Motion on September 3, 2020. Dkt. 43. Before the District Court entered a decision on the Report and Recommendation, the parties sought and were granted several abatements due to the COVID-19 pandemic. Dkts. 49, 51-54. On May 10, 2021, the parties consented to reference of this action to a magistrate judge. Dkt. 56. On May 11, 2021, the District Court transferred this case to the undersigned Magistrate Judge for all proceedings and the entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1), Federal Rule of Civil Procedure 73, and Rule CV-72 of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 58.

## I. Background

The following facts are not in dispute. This is the eighth lawsuit over the past twelve years between Defendants and U.S. Bank N.A., as trustee on behalf of the holders of the J.P. Morgan

Mortgage Acquisition Trust 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4 ("U.S. Bank" or "the Bank"), concerning the foreclosure of Defendants' home at 11801 Bell Avenue, Austin, Texas 78759 (the "Property"). *See* Dkt. 25-1 at 116-484 (Exs. B-1–B-13).

**A. The Loan Agreement**

On August 1, 2002, Circle T Development Company conveyed the Property to Defendant Scott Morris by warranty deed with vendor's lien. Dkt. 25-1 at 11-12 (Ex. A-1). On August 31, 2006, Defendant Scott Morris executed a Texas Home Equity Note in the amount of $260,000 payable to WMC Mortgage Corp. ("WMC"), secured by a Security Instrument (together, "the Loan Agreement"). Dkt. 25-1 at 14-38 (Exs. A-2–A-3). The Security Instrument named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary of the instrument and nominee for WMC. *Id.* at 20 (Ex. A-3). As nominee for WMC, MERS assigned the Loan Agreement to U.S. Bank on September 11, 2007. *Id.* at 40 (Ex. A-4). U.S. Bank is the current owner and holder of the Note and the beneficiary of the Security Instrument. *Id.*; *see also id.* at 4 (May Decl.). Select Portfolio Servicing ("SPS") is the loan servicer. *Id.* at 3-4 (May Decl.).

The Loan Agreement requires Defendants to make monthly payments from October 1, 2006 until September 2, 2036. *Id.* at 14 (Ex. A-2). The lender may enforce the agreement by sale of the Property if Defendants fail to make payments as required. *Id.* at 16 (Ex. A-2), 21 (Ex. A-3). The Security Agreement also provides that if Defendants sell or transfer the Property without the lender's prior written consent, the lender may require immediate payment of all sums due under the Loan Agreement. *Id.* at 30 (Ex. A-3). Defendants failed to make the required monthly payment on August 1, 2007. *Id.* at 5 (Ex. A ¶ 13).[1] Plaintiffs allege that Defendants have failed to make

---

[1] The May declaration states that Defendants failed to make the required payments beginning August 1, 2007, Dkt. 25-1 at 5, while the Bank's Motion for Summary Judgment states that the payments stopped on May 1, 2007, Dkt. 25 at 5. Defendants do not raise this as a material fact issue or offer any clarifying

2

monthly payments since that time, but Defendants dispute this in part. *Id.*[2] On December 18, 2006, without permission from U.S. Bank, Defendants conveyed the property to PAC Holdings as trustee for The Freedom Bell Trust, No. 2503559, by warranty deed, and recorded the transfer. *Id.* at 43-46 (Ex. A-5).

**B. The Parties' Prior Litigation**

On July 2, 2007, Chase Home Finance, LLC, the loan servicer at that time, mailed an Acceleration Warning to Defendants. *Id.* at 47-49 (Ex. A-6). The warning advised Defendants that they were in default as a result of their failure to pay the monthly installments and that $6,049.28 was due on the Loan. *Id.* On September 24, 2007, U.S. Bank accelerated the Loan for the first time by certified mail to Defendants. *Id.* at 50-54 (Ex. A-7). U.S. Bank filed its first Application for Home Equity Foreclosure Order in the 345th District Court of Travis County, Texas, under Cause No. D-1-GN-07-003494. *Id.* at 116-63 (Ex. B-1). U.S. Bank nonsuited the case by dismissing its claims on February 15, 2008. *Id.* at 164-66 (Ex. B-2). After a second notice of acceleration on March 18, 2008, U.S. Bank filed a second Application for Home Equity Foreclosure Order in the 201st District Court of Travis County, Texas, under Cause No. D-1-GN-08-001076. *Id.* at 55-61 (Ex. A-8); *id.* at 167-217 (Ex. B-3). U.S. Bank requested a nonsuit in that case on May 20, 2009, which the court granted. *Id.* at 218-226 (Ex. B-4, B-5).

U.S. Bank mailed a Notice of Default and Intent to Accelerate on July 6, 2010, and a third notice of acceleration on August 6, 2010. *Id.* at 62-79 (Exs. A-9, A-10). On September 3, 2010, the Bank filed a third Application for Home Equity Foreclosure Order under Cause No. D-1-GN-

---

evidence. The Court construes the date in the sworn declaration to be the correct date and the date in the briefing to be a clerical error.

[2] Defendants state that they have made some payments since that time, but the mortgage servicer has not credited $8,560.24 to the balance and instead held this amount as "unapplied funds." Dkt. 33 at 3. The Court addresses this issue below. *See* Section III(B).

10-003131 in the 200th District Court of Travis County, Texas. *Id.* at 227-87 (Ex. B-6). On March 4, 2011, U.S. Bank nonsuited the action. *Id.* at 288-93 (Exs. B-7, B-8).

The Bank mailed Defendants a new Notice of Default with Intent to Accelerate on September 11, 2012. *Id.* at 80-87 (Ex. A-11). The Bank filed a fourth Application for Home Equity Foreclosure Order on January 7, 2015, under Cause No. D-1-GN-15-000056 in the 353rd District Court of Travis County, Texas. *Id.* at 295-346 (Ex. B-9). On July 10, 2015, the Travis County District Court entered a Home Equity Foreclosure Order that permitted U.S. Bank to proceed with non-judicial foreclosure. *Id.* at 346-48 (Ex. B-10).

Defendants filed an affirmative suit against the Bank challenging the foreclosure on October 30, 2015. *Id.* at 349-76 (Ex. B-11). U.S. Bank removed that case to this Court, which dismissed the case without prejudice on January 22, 2016. *Id.* at 377-79 (Ex. B-12); *Morris et al v. Select Portfolio Servicing Inc. et al.*, No. 1:15-cv-1028-RP (W.D. Tex. Nov. 11, 2015) (Dkt. 11) (dismissing case after plaintiffs' counsel failed to cure lack of admission to the Western District of Texas). Defendants filed a second affirmative case challenging the Bank's right to foreclose in Travis County on December 5, 2016, under Cause No. D-1-GN-16-005880. *Id.* at 380-400 (Ex. B-13). After removal, this Court granted summary judgment in favor of U.S. Bank on January 26, 2018. *Id.* at 401-13 (Ex. B-14); *Morris et al. v. Select Portfolio Servicing Inc. et al.*, No. 1:16-cv-1315-RP (W.D. Tex. Dec. 16, 2016) (Dkt. 40) (granting summary judgment and dismissing the Morrises' claims for violation of the Texas Deceptive Trade Practices Act, common law fraud and gross negligence, fraud in a real estate transaction, negligence, negligent misrepresentation, negligent hiring and supervision, breach of contract, unjust enrichment, and violation of the Fair Debt Collection Practices Act).

U.S. Bank mailed its final Notice of Default and Intent to Accelerate on March 29, 2018, and a final Notice of Acceleration on April 30, 2018. *Id.* at 88-105 (Ex. A-12, A-13). The Bank filed its final Application for Home Equity Foreclosure Order under Cause No. D-1-GN-18-006996 in the 53rd District Court of Travis County on November 21, 2018. *Id.* at 414-82 (Ex. B-15). U.S. Bank nonsuited that case without prejudice on May 5, 2019. *Id.* at 483-84 (Ex. B-16).

**C. This Action**

U.S. Bank filed this action on March 26, 2019. Dkt. 1. As of August 16, 2019, the Bank claims an outstanding loan balance of $582,399.06, which reflects an unpaid principal of $258,015.21, interest calculated to August 16, 2019 at $216,012.89, an escrow/impound advance balance of $109,578.20, late charges of $454.50, and a loan level advance balance of $6,898.50. Dkt. 25 at 8; Dkt. 25-1 at 107 (Ex. A-14).

Previously in this action, Defendants moved to dismiss the Bank's claims, arguing that this Court's jurisdiction was preempted, that U.S. Bank was not the successor in interest, and that the statute of limitations had expired. Dkt. 13. The undersigned issued a report and recommendation to deny the motion to dismiss, which the District Court adopted. Dkts. 17, 18.

On February 4, 2020, U.S. Bank filed the instant Motion for Summary Judgment, seeking judgment to authorize foreclosure of the Property.[3] Dkt. 25. Defendants filed a response, Dkt. 33, and the Bank filed a reply, Dkt. 34. In support of its motion, the Bank submits copies of the Loan Agreement and associated documents; the assignment of the Note and Deed; the Notices of Default and Intent to Accelerate; the Notices of Acceleration; a Payoff Statement; records of the parties'

---

[3] Specifically, U.S. Bank requests a declaration that "the following are secured by the Security Instrument on the Property: (i) the outstanding balance of the Note; (ii) prejudgment interest; (iii) post-judgment interest from the date of judgment until paid; and (iv) costs of court," and a declaration that U.S. Bank's lien against the Property shall be enforced by a judgment and foreclosure under the Security Instrument's power-of-sale provision. Dkt. 25 at 17.

5

prior litigation in Travis County District Court; prior judgments in the Plaintiffs' affirmative litigation from this court; an affidavit that summarizes and authenticates the prior court records by Mark D. Cronenwett, outside counsel for U.S. Bank; and an affidavit that summarizes and authenticates all other materials by Cynthia May, a Document Control Officer for the loan servicer, SPS. Dkt. 25-1. To their response, Defendants attach two mortgage statements from SPS dated March 13, 2020, and October 15, 2018, Dkt. 33 at 7 (Def's Ex. A); *id.* at 10 (Def's Ex. B), and a declaration signed by both Defendants, Dkt. 33-1.

## II. Legal Standard

Summary judgment shall be rendered when the pleadings, discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are

insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation also are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports its claim. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.    Analysis

In Texas, to foreclose under a security instrument with a power of sale, the party seeking foreclosure must show that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014) (citing TEX. PROP. CODE § 51.002).

Defendants do not dispute the existence of the debt, the default, the lien, or that service has been properly made. *See* Dkt. 33. Defendants assert that the Bank cannot seek foreclosure at this time for three reasons: (1) U.S. Bank and its counsel have no personal knowledge of the status of the loan, and U.S. Bank cannot enforce the loan until it amends its complaint to add all necessary parties with knowledge; (2) the amount due is incorrect because Defendants have made payments to the loan servicer that have not been applied to their account; and (3) the statute of limitations has expired. *Id.*

#### A. Personal Knowledge and Authority to Enforce the Loan

Defendants assert that U.S. Bank and declarant Cynthia May lack personal knowledge of "the status of the loan [or] any monies due." Dkt. 33 at 2; *see* Dkt. 25-1 at 2 (May Decl.). As a result,

7

Defendants argue, the Court should order U.S. Bank to file an amended complaint or a "trial amendment" adding all necessary parties. *Id.* at 2-3. Both of these arguments fail to create a genuine issue of material fact.

**1. May Declaration**

A declaration used to support a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). "Any statements in a declaration that violate this rule are not considered for summary judgment purposes; any portions of the declarations that are not struck remain part of the summary judgment record." *Ripple v. Marble Falls Indep. Sch. Dist.*, 99 F. Supp. 3d 662, 673 (W.D. Tex. 2015) (citations omitted). "A statement is not within a declarant's personal knowledge if the statement is based on information and belief." *Id.* at 673-74 (citing *Bolen v. Dengel*, 340 F.3d 300, 313 (5th Cir. 2003)). Personal knowledge means that a declarant "must have had an opportunity to observe, and must have actually observed the fact." FED. R. EVID. 602, advisory committee's note. Additionally, "personal knowledge does not necessarily mean contemporaneous knowledge." *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012).

Courts routinely rely on declarations and affidavits by loan servicers at summary judgment. *See, e.g.*, *Crear v. Select Portfolio Servicing Inc.*, 760 F. App'x 291, 295, 2019 WL 316758 (5th Cir. 2019) (relying on declaration by SPS document control officer to authenticate notices of default based on her review of SPS's loan records); *Rippy v. Deutsche Bank Nat'l Tr. Co.*, No. SA-13-CA-730-OLG, 2014 WL 12489685, at *7 (W.D. Tex. Aug. 11, 2014) (overruling objection to affidavit by an SPS representative in a foreclosure action and explaining that: "A custodian of records is permitted to offer testimony based on her personal knowledge of her employer's

business records and what the records show."), *R. & R. adopted sub nom. Rippy v. Deutsche Bank Nat'l Tr. Co.*, No. SA-13-CV-00730-OLG, 2014 WL 12489605 (W.D. Tex. Aug. 29, 2014).

In her affidavit, May states that she is an officer of SPS and that she serves as attorney-in-fact for U.S. Bank in this action. Dkt. 25-1 at 2. She states that SPS maintains records for the loans it services, that she has access to those records, and that she has reviewed the records for the loan in this case. *Id.* This testimony establishes a basis for personal knowledge of SPS's records. *See Rippy*, 2014 WL 12489685, at *7 (overruling personal knowledge objection where SPS representative testified that she had knowledge of the manner in which plaintiffs' loan records were maintained and demonstrated her qualifications as a custodian of business records). Defendants offer no contrary evidence or legal authority. Defendants' claim that May lacks personal knowledge amounts to an unsubstantiated assertion, which is not competent summary judgment evidence. *See Turner*, 476 F.3d at 343. May's declaration is competent summary judgment evidence to authenticate and detail SPS's records. Defendant's objection to May's declaration is **OVERRULED**.

### 2. Whether Necessary Parties Are Missing From This Action

Defendants assert without evidentiary support that necessary parties are missing from this action and that U.S. Bank therefore lacks authority to enforce the Loan Agreement at this time. Dkt. 33 at 2-3. Chapter 51 of the Texas Property Code, which governs non-judicial foreclosures, authorizes either a mortgagee or a mortgage servicer acting on behalf of a mortgagee to sell real property under a "power of sale conferred by a deed of trust." TEX. PROP. CODE. §§ 51.002, 51.0025. The Property Code defines a "mortgagee" as "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." TEX.

PROP. CODE § 51.0001(4). Under Texas law, a valid assignment "vests [a mortgagee] with authority to foreclose." *Reinagel v. Deutsche Bank Nat. Tr. Co*., 735 F.3d 220, 228 (5th Cir. 2013).

The Bank's documentation demonstrates this authority. Defendant Scott Morris executed the original Loan Agreement with WMC Mortgage Corp. Dkt. 25-1 at 11-38 (Ex. A-1–A-3). The Security Instrument named MERS as beneficiary of the instrument and nominee for WMC. *Id.* at 20 (Ex. A-3). MERS, acting as nominee for WMC, assigned the Loan Agreement to U.S. Bank on September 11, 2007. *Id.* at 40 (Ex. A-4). Defendants do not offer any evidence to dispute the assignment or the Bank's current status as owner and beneficiary of the Note. The Court finds no genuine dispute of fact that the assignment to U.S. Bank is valid and therefore vests the Bank with authority to foreclose. *See Reinagel*, 735 F.3d at 228. There is no evidence of any missing parties in this case. Defendants' request for an order directing U.S. Bank to file an amended complaint or trial amendment is **DENIED**.

**B. The Amount Due**

U.S. Bank submits a Payoff Statement that reflects a total of $582,399.06 due on the loan, which includes unpaid principal, interest, and associated costs. Dkt. 25 at 8; Dkt. 25-1 at 107 (Ex. A-14). Defendants argue that the amount due is incorrect because Defendants have made payments to the loan servicer, SPS, that have not been applied to their account. Dkt. 33 at 3. Defendants state that SPS "has been withholding $8,560.24 of [the] payments and crediting such money to unapplied funds—this has occurred for years." Dkt. 33 at 3. Defendants point to Mortgage Statements from SPS dated March 13, 2020, and October 15, 2018, both of which reflect $8,560.24 in "unapplied funds." *Id.* at 7 (Def's Ex. A), 10 (Def's Ex. B). But the Payoff Statement submitted by U.S. Bank shows that the Bank has credited the unapplied funds in its calculation of funds due as of August 16, 2019. The Payoff Statement includes a "credit" for unapplied funds in the amount of $8,560.24. Dkt. 25-1 at 107 (Ex. A-14). Defendants' proffered records do not

10

contradict this, and Defendants do not allege any other payments that the Bank has failed to consider.

The Court finds no genuine dispute of fact regarding the payments Defendants have made or the amount due under the terms of the loan. The uncontroverted facts show that as of August 16, 2019, Defendants owe a total balance of $582,399.06. Dkt. 25 at 8; Dkt. 25-1 at 107 (Ex. A-14).

### C. Statute of Limitations

#### 1. Legal Standard

In Texas, the limitations period to enforce a real property lien is four years. *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015). "If a series of notes or obligations or a note or obligation payable in installments is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment." TEX. CIV. PRAC. & REM. CODE § 16.035(e). However, if the deed of trust contains an optional acceleration clause, the limitations period does not begin until the holder actually exercises its option to accelerate. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). "Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration. Both notices must be clear and unequivocal." *Id.* (cleaned up).

A noteholder may abandon acceleration "either by the lender's unilateral actions or by agreement, thereby suspending the limitations period until the lender exercises its option to re-accelerate the note." *Jatera Corp. v. US Bank Nat'l Ass'n as Tr. for Registered Holders of Citigroup Mortg. Loan Tr.*, 917 F.3d 831, 835 (5th Cir. 2019) (citing *Boren*, 807 F.3d at 106; *Holy Cross*, 44 S.W.3d at 566-67). A lender may abandon acceleration by "voluntarily dismissing its claims against the debtor" in a civil proceeding, colloquially known as "non-suiting" a claim. *Costello v. U.S. Bank Tr., N.A. for LSF9 Master Participation Tr.*, 689 F. App'x 253, 255 (5th Cir. 2017). If a lender abandons acceleration, the statute of limitations period under § 16.035(a) ceases

11

to run and a new limitations period does not begin to accrue until the mortgagor defaults again and the lender exercises its right to accelerate a second time. *See Boren*, 807 F.3d at 106. Additionally, under Texas law, where "a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex. 1991). Any proceeding seeking a foreclosure order under Texas Rule of Civil Procedure 736 is "automatically stayed if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement." TEX. R. CIV. P. 736.11(a).

Because a separate proceeding stays a lender's ability to pursue foreclosure under Rule 736, it tolls the statute of limitations to exercise the right of foreclosure. *See Curry v. Ocwen Loan Servicing LLC*, Civ. A. No. H-15-3089, 2016 WL 3920375, at *6 (S.D. Tex. July 14, 2016) (explaining that because a Rule 736 proceeding cannot be brought as a counterclaim in a borrower's suit against a lender, defendants were "prevented from obtaining the constitutionally required court order they needed to exercise their contractually granted power of sale"; thus, the statute of limitations for exercising such power was tolled during pendency of borrower's action).

### 2. Whether the Statute of Limitations Has Expired

Defendants argue that the statute of limitations expired for this action on July 7, 2014, four years after the Bank sent a Notice of Acceleration on July 6, 2010. Dkt. 33 at 4. The Bank's evidence, however, shows the Bank mailed that Notice of Acceleration on August 6, 2010. Dkt. 25-1 at 72 (Ex. A-10).[4] Even calculating from the correct date of acceleration on August 6,

---

[4] Defendants mistakenly rely on the Notice of Default and Intent to Accelerate mailed on July 6, 2010. Dkt. 25-1 at 63 (Ex. A-9). Acceleration does not begin for statute of limitations purposes until the lender has given both notice of intent to accelerate and notice of acceleration. *Holy Cross*, 44 S.W.3d at 566.

2010, the statute of limitations did not run following that notice because the Bank abandoned acceleration when it dismissed the action less than a year later on March 4, 2011. *Id.* at 288-93 (Ex. B-7, B-8).

The Bank's uncontroverted evidence shows that the statute of limitations has not run in this action because the Bank repeatedly abandoned acceleration by voluntarily dismissing foreclosure actions and, in one instance, issuing a new notice of acceleration that reset the limitations clock. Defendants' two affirmative suits further tolled the limitations period. U.S. Bank first accelerated the loan on September 24, 2007 and nonsuited the resulting case on February 15, 2008 (Dkt. 25-1 at 50-54 (Ex. A-7); *id.* at 164-66 (Ex. B-2). The Bank accelerated the loan a second time on March 18, 2008, and nonsuited the second case on May 20, 2009 by voluntary dismissal. *Id.* at 55-61 (Ex. A-8); *id.* at 218-26 (Ex. B-4, B-5). The Bank accelerated the loan a third time on August 6, 2010, and voluntarily dismissed the resulting case on March 4, 2011. *Id.* at 72 (Ex. A-9, A-10), 288-93 (Ex. B-7, B-8).

The Bank has not submitted a copy of its fourth Notice of Acceleration, but Defendants do not dispute that they received a fourth Notice of Acceleration. The record indicates that the Bank mailed a fourth Notice of Acceleration on some date between September 11, 2012, when it mailed a notice of intent to accelerate, and January 7, 2015, when it filed a fourth Application for Home Equity Foreclosure Order, under Cause No. D-1-GN-15-000056. *Id.* at 82 (Ex. A-11), 295-346 (Ex. B-9). The statute of limitations therefore began to run for a fourth time no later than January 7, 2015. The Travis County District Court granted the application and entered a foreclosure order on July 10, 2015. *Id*. at 346-48 (Ex. B-10).

Before U.S. Bank abandoned this fourth acceleration, Defendants filed two affirmative suits, which tolled the statute of limitations during their pendency. *See Curry*, 2016 WL 3920375, at *6;

*Murphy*, 2017 WL 393595, at *20. Defendant's first affirmative suit tolled the limitations period for 84 days, from the date of filing on October 30, 2015, to the date of dismissal without prejudice by this court on January 22, 2016. *Id.* at 349-76 (Ex. B-11); 377-79 (Ex. B-12); *Morris et al v. Select Portfolio Servicing Inc. et al.*, No. 1:15-cv-2028-RP (W.D. Tex. Nov. 11, 2015). Defendants then filed their second suit, which tolled the limitations period for 417 days, from its filing on December 5, 2016, to dismissal on January 26, 2018, when this court granted summary judgment in favor of U.S. Bank. *Id.* at 380-400 (Ex. B-13), 401-13 (Ex. B-14); *Morris et al v. Select Portfolio Servicing Inc. et al.*, No. 1:16-cv-1315-RP (W.D. Tex. Dec. 16, 2016) (Dkt. 40). U.S. Bank abandoned the fourth acceleration on April 30, 2018, by mailing a fifth notice of intent to accelerate and notice of acceleration. *Id.* at 88-105 (Ex. A-12, A-13). *See Boren*, 807 F.3d at 106 (holding that, under Texas law, limitations period did not begin to run again until trustee sent a subsequent notice of acceleration following mortgagors' failure to submit any payments after trustee sent a second notice of default).

After filing a fifth Application for Home Equity Foreclosure Order under Cause No. D-1-GN-18-006996 in the 53rd District Court of Travis County, *id.* at 414-82 (Ex. B-15), U.S. Bank abandoned the acceleration by dismissing that case without prejudice on May 5, 2019. *Id.* at 483-84 (Ex. B-16). U.S. Bank accelerated the Loan Agreement for the sixth and final time on March 26, 2019, by filing this suit. Dkt. 1. Defendants offer no evidence to dispute this history of acceleration.

Based on this uncontroverted evidence, at no time have four years elapsed between the date of acceleration and the date of abandonment. Defendants have not offered any other grounds to suggest that the statute of limitations has expired for U.S Bank's claims. The Court therefore concludes that no reasonable jury could find that the four-year statute of limitations had expired when U.S. Bank filed this action on March 26, 2019.

## IV. Conclusion

Based on the foregoing, the Court **GRANTS** U.S. Bank's Motion for Summary Judgment (Dkt. 25). The Court will enter Final Judgment in favor of U.S. Bank in a separate order.

**IT IS FURTHER ORDERED** that the Clerk of the Court mail a copy of this Order to Defendants by certified mail at their provided address: Scott A. Morris and Brenda M. Morris, 11801 Bell Ave., Austin, Texas, 78759.

**SIGNED** on July 7, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE